# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF TEXAS
# AUSTIN DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA** § § § | |
| v. § | No. 1:21-CR-00050-RP |
| § § | |
| **(1) TONY SANTANA GUTIERREZ,** § | |
| *Defendant* § | |

## REPORT AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

TO:   THE HONORABLE ROBERT PITMAN
      UNITED STATES DISTRICT JUDGE

Before the Court is the United States Probation Office's (USPO) Petition for Warrant or Summons for Offender Under Supervision, Dkt. 38. The undersigned submits this Report and Recommendation to the District Judge pursuant to 28 U.S.C. § 636(b), 18 U.S.C. § 3401(i), and Rule 1(d) of Appendix C of the Local Court Rules of the United States District Court for the Western District of Texas, Local Rules for the Assignment of Duties to United States Magistrate Judges.

## I.   BACKGROUND

### A.   Timeline from the USPO's Adjustment Summary[1]

On September 9, 2021, the above-named defendant appeared before U.S. District Judge Lee Yeakel and was sentenced to a total of 70 months in the Bureau of Prisons followed by a three-year term of supervised release for the offense of

---

[1] At the hearing on the petition, Defendant stipulated to the accuracy of the facts stated in the Petition and Adjustment Summary. *See* Dkt. 48. Because this filing was sealed, the undersigned likewise files this report and recommendation under seal.

1

Possession with Intent to Distribute Cocaine, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C). The defendant was ordered to abide by the following special conditions: substance abuse treatment, alcohol abstinence, search and seizure, and a $100 special assessment fee (satisfied).

On October 13, 2023, the case was reassigned to the docket of the Honorable Robert Pitman.

On February 14, 2024, the term of imprisonment was reduced from 70 months to 57 months, pursuant to 18 U.S.C. § 3582(c)(2). On March 5, 2024, the defendant began his term of supervised release, in the Southern District of Texas, McAllen Division. On June 25, 2024, July 2, 2024, July 23, 2024, and August 13, 2024, the defendant failed to attend previously scheduled individual or group substance abuse treatment counseling sessions. On April 11, 2024, July 13, 2024, and August 14, 2024, the defendant failed to submit to random drug testing.

On July 18, 2024, the U.S. Probation Office in the McAllen Division attempted to contact the defendant at his residence. Although it was reported he was working at the time, family members of the defendant were unable to provide employment information for him. The U.S. Probation Office further mailed the defendant instructions to report to their offices on August 19, 2024, for which the defendant failed to report. The defendant also failed to submit monthly supervision report for the months of July, August, and September of 2024, and failed to reply to multiple attempts to contact him.

On September 11, 2024, the U.S. Probation Office in the Western District of Texas, Austin Division, received communication from the McAllen Division of the defendant's absconder status and aforementioned noncompliance issues.

On September 18, 2024, a Probation Form 12C Petition for Warrant on Offender Under Supervision was filed with the Court to report the defendant's non-compliance. Dkt. 38.

Prior to the submission and filing of the above noted 12C petition, the defendant had been on supervised release for six months. During that time, he completely disregarded his conditions of supervision, failed to comply with the terms of treatment, and absconded from supervision.

B.   **Hearing on USPO's Petition**

The undersigned set the petition for hearing to be held on March 11, 2025. Dkt. 49. Present at the hearing were Defendant; his appointed counsel, Assistant Federal Public Defender Jose Gonzalez Falla; Assistant U.S. Attorney Alan Buie; and USPO Officer Edgar Juarez. During the hearing Defendant waived his preliminary hearing and his right to be present before the United States District Judge at the time of imposition of sentence and consented to allocution before the United States Magistrate Judge. After being advised of his rights and affirming his understanding of the charges and penalties he faced, Defendant pleaded "True" to the violations set out in the petition.

After accepting Defendant's plea, the undersigned then considered the appropriate sentence. Defendant's counsel and AUSA Buie agreed that an

appropriate sentence would be to revoke Defendant's supervised release and impose a period of imprisonment of 6 months with an additional term of supervised release of 2 years to follow. Officer Juarez concurred in the recommendation. The undersigned accepted the agreed recommendation from Defendant and AUSA Buie and stated on the record the intention to recommend that the District Judge revoke Defendant's supervised release and impose a period of imprisonment of 6 months with an additional term of supervised release of 2 years to follow.

## II.  FINDINGS OF THE COURT

1. Probable cause exists for the alleged violations set out in the petitions.

2. The most serious violation under the petition is a Grade C, and Defendant's criminal history category is I.

3. Defendant understood the petition and the charges alleged against him and had the opportunity to discuss the petition and charges with his attorney.

4. Defendant freely, intelligently, and voluntarily pleaded true to the charge, or charges, in the petition.

5. Defendant did not suffer from any physical or mental impairment that would affect his ability to fully understand the charges against him or the consequences of his plea.

6. Defendant was sane and mentally competent at the time of these proceedings.

7. Defendant was sane and mentally competent to assist his attorney in the preparation and conduct of his defense.

8. Defendant waived his right to a preliminary hearing.

9. Defendant understood all of his statutory and constitutional rights and desired to waive those rights.

10. Defendant understood that he had the right to present evidence and to cross-examine witnesses at the hearing.

11. Defendant violated the conditions of his terms of supervised release as set out in the petition, and there is a factual basis in support of that finding.

### III.   FACTORS CONSIDERED

The undersigned has considered the factors set out in Title 18, United States Code § 3583(e) which makes reference to most of the factors set out in Title 18, United States Code § 3553(a), specifically:

1. The nature and circumstances of the offense, § 3553 (a)(1);

2. The history and characteristics of Defendant, (a)(1);

3. To afford adequate deterrence to criminal conduct, (a)(2)(B);

4. To protect the public, (a)(2)(C);

5. To provide Defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner, (a)(2)(D);

6. The kinds of sentence and the sentencing range recommended by the U.S. Sentencing Guidelines, policy statements and corresponding analysis, (a)(4) and (a)(5);

7. The need to avoid unwarranted sentence disparities among defendants with similar records who have been found responsible for similar conduct, (a)(6);

8. The need to provide restitution to any victims of the offense, (a)(7).

Note: the factors in § 3553(a)(2)(A), namely the seriousness of offense, respect for the law and just punishment, were not considered by the undersigned.

### IV.   RECOMMENDATION

The Magistrate Judge has carefully considered the arguments of counsel, the evidence presented by the parties and has taken judicial notice of the original pre-

sentence report, and the petition, the Adjustment Summary and the Violation Conduct Computation prepared by the United States Probation Office.

In light of the factors set forth above, the undersigned **RECOMMENDS** that the District Judge **GRANT** USPO's petition, Dkt. 38, and **REVOKE** Defendant's term of supervised release, and impose a sentence of imprisonment of 6 months with an additional term of supervised release of 2 years to follow.

## V.   WARNINGS

The parties may file objections to this Report and Recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are being made. The District Court need not consider frivolous, conclusive, or general objections. *See Battle v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987). A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen days after the party is served with a copy of the Report shall bar that party from *de novo* review by the District Court of the proposed findings and recommendations in the Report and, except upon grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the District Court. *See* 28 U.S.C. § 636(b)(1)(C); *Thomas v. Arn*, 474 U.S. 140, 150-53 (1985); *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc).

SIGNED March 11, 2025.

                                                                 DUSTIN M. HOWELL
                                                                 UNITED STATES MAGISTRATE JUDGE